**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

RANDY ALLEN PRICE,
SAMMIE VAIL,
SHEENA CHADWELL,
CHAD WILLIAM SINKO, and
JUSTIN SPARE,

Defendants.
_______________________________/

No. 1:26-cr-00099-HYJ

Hon. Hala Y. Jarbou
Chief United States District Judge

## PROTECTIVE ORDER FOR DISCOVERY MATERIAL

For the reasons stated in the United States' Unopposed Motion for Protective Order, and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure,

It is hereby ORDERED:

1. Any and all discovery material provided in this case by the government to Defendants is to be used by Defendants and defense counsel solely for the preparation of the defense of this case. No disclosure of those materials, either directly or indirectly is authorized except as necessary to the preparation of the defense in this case, and such determination of necessity is to be made by counsel for Defendants, not by Defendant. This limitation applies to all discovery provided by the government in this criminal action, including discovery provided both before and after issuance of this Order.

2. Disclosure of discovery material for purposes related to defense of the criminal case is permitted to: (1) members of the defense team in this case (counsel, paralegals, investigators, litigation support personnel, Defendants, and defense secretarial staff); (2) any experts or consultants retained to assist in the preparation of the defense of this case; (3) any potential witnesses interviewed by the defense team in the criminal case if counsel determines that it is necessary to display records to such witnesses for the purpose of preparing the defense of this case; and (4) this Court.

3. Any notes or records of any kind that Defendants or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the Defendants, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure.

4. Any copies of the materials made by defendant or defense counsel shall be treated as set forth herein.

5. Counsel for Defendants shall not allow his or her client to retain un-redacted copies of discovery materials containing PII related to a co-defendant, witness, or other third party, including but not limited to bank records, cryptocurrency records, and other financial documents.

6. Defense counsel will take all reasonable steps necessary to ensure that government discovery materials containing PII are not improperly disclosed.

These restrictions do not apply to documents or materials that are in the public record, including, but not limited to, transcripts of proceedings; documents,

recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

SO ORDERED, this 7th day of October, 2026.

Phillip J. Green
United States Magistrate Judge